USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 12, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA,    :
                                       :
                Plaintiff,   :
                                       :     No. 14 Civ. 7339 (JFK)
   -against-                   :
                                       :     **OPINION & ORDER**
HASAN BESNELI,                   :
                                       :
                Defendant.  :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is the Government's motion for alternative service on Defendant Hasan Besneli under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Specifically, the Government requests permission to serve Besneli by (1) email and (2) "publication in a newspaper widely read by the business community in the Istanbul area" of Turkey. (Gov't Mem. 1.) For the reasons that follow, the Government's motion is granted.

    Rule 4(f) provides the means of service for individuals in foreign countries. See Fed. R. Civ. P. 4(f). Specifically, Rule 4(f)(1) allows for service in accordance with international agreements, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361. Rule 4(f)(2) provides for service by other means, such as by a letter rogatory. Additionally, Rule 4(f)(3) permits the court to order alternative service on an individual in a foreign country, so long as the means of service is not

prohibited by international agreement.  Exhaustion of the other provisions of Rule 4(f) is not required before a plaintiff seeks court-ordered service.  See Advanced Aerofoil Techs., AG v. Todaro, No. 11 Civ. 9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("Service under subsection (3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant." (internal quotation marks omitted)); SEC v. Anticevic, No. 05 Civ. 6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." (emphasis in original)).

   Courts have broad discretion in fashioning alternative means of service under Rule 4(f)(3). See Anticevic, 2009 WL 361739, at *3.  In exercising this discretion, a court must consider whether the alternative method is "reasonably calculated to provide notice and an opportunity to respond" so that it comports with the requirements of due process. See Philip Morris USA Inc. v Veles Ltd., No. 06 Civ. 2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007); see also Luessenhop v. Clinton Cnty., N.Y., 466 F.3d 259, 269 (2d Cir. 2006) (noting that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

2

the action and afford them an opportunity to present their objections").

Although it is not necessary for the Government to first attempt service under the Hague Convention, the Court notes that the Government cannot serve Besneli by those means because the Government does not have a known address for Besneli. See 20 U.S.T. 361, art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known."). This is despite, as demonstrated by the Declaration of Andrew F. McLaughlin submitted by the Government, diligent efforts by the Government to obtain Besneli's physical address. After Besneli ignored the Government's request to confirm his address via email, (McLaughlin Decl. ¶ 9; Ex. 3.), the Government contacted Besneli's daughter and ex-wife, neither of whom knew of Besneli's current whereabouts. (Id. ¶¶ 16–17.) Moreover, the Government retained a due diligence firm that was able to confirm that Besneli remains active in the business community in and around Istanbul, but was unable to uncover his specific location. (Id. ¶¶ 18–19.)

In considering the Government's suggested alternatives, the Court notes that there is a split among district courts as to whether service by email is prohibited by international agreement in certain instances. See AMTO, LLC v. Bedford Asset Mgmt., LLC, No. 14 Civ. 9913, 2015 WL 3457452, at *7 (S.D.N.Y

3

June 1, 2015) (collecting cases).  As the Government concedes, Turkey did not agree to service by "postal channels" when it joined the Hague Convention. (Gov't Mem. 8 n.2.). See also Hague Conference on Private International Law, Turkey – Central Authority & Practical Information (last updated July 17, 2014), www.hcch.net/index_en.php?act=authorities.details&aid=277.  The majority view is that email does not fall within "postal channels" unless the country specifically objected to service by email or other electronic means. See, e.g., AMTO, 2015 WL 3457452, at *7; FTC v. PCCare247 Inc., No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013).  Indeed, given that the Convention was ratified in 1965, email would not have been contemplated by the signatories.  The Court thus joins the majority, and because it is not aware of any agreement entered into by Turkey that prohibits service by email, finds that service on Defendant by email is not prohibited by international agreement. See also WhosHere, Inc. v. Orun, No. 13 Civ. 526, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) ("Turkey has not specifically objected to service by email or social media networking sites which are not explicitly listed as means of service under Article 10.")

In this case, service by email is reasonably calculated to notify Besneli of this action because the Government has demonstrated that Besneli is likely to receive the email. See

4

PCCare247, 2013 WL 841037, at *4 ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); United States v. Machat, No. 08 Civ. 7936, 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009) (allowing service by email after acknowledging that the Government had "successfully corresponded with [defendant] by the email address that she provided."). As evident from the McLaughlin Declaration and the emails attached as exhibits, the Government has already conversed with Besneli by using the email address provided to the Court. (McLaughlin Decl. ¶¶ 4-10; Exs. 1-3.) Indeed, Besneli himself indicated that email is the "most convenient and reliable way" to contact him.[1] Thus, the Court concludes that service on Besneli by email is appropriate and will order that the Government serve Defendant at the email address provided to the Court.

Service by publication will serve as a sensible set of suspenders to go along with the belt provided by email. Courts ordering service by publication typically consider whether defendant has some knowledge of the suit against him and whether service may be accomplished by more traditional means. See SEC

---

[1] The full two sentences state: "At this time the most convenient and reliable way to get in contact with me is by mail. Anywhere with internet access, I try to keep up with my mail." (Ex. 3.) It is clear in context that "mail" is referring to "email." For one, Besneli's email is in response to a request to confirm his physical address, which he does not confirm or otherwise provide. Furthermore, the reference to "internet access" removes any doubt that Besneli was in fact referring to email.

v. Tome, 833 F.2d 1086, 1093-94 (2d Cir. 1987); SEC v. Shehyn, No. 04 Civ. 2003, 2008 WL 6150322, at *3-4 (S.D.N.Y. Nov. 26, 2008).  As detailed above, the Government is unable to serve Besneli by traditional means because it has not been able to ascertain his address despite diligent efforts, including directly asking Besneli for his address.  Moreover, Besneli is likely aware of this action as Government investigators told Besneli, via email, that they had recommended the filing of this action. (McLaughlin Decl. Ex 3.)  Service by publication is thus an appropriate means of formally notifying Defendant of this action.

     The Court also concludes that the Government's specific publication request – a newspaper widely read by the business community in the Istanbul area – is well-suited to notify Besneli of this action.  As indicated by the McLaughlin Declaration, Besneli stated in 2012 that he was "living in Istanbul." (McLaughlin Decl. ¶ 5; Ex. 1.)  Besneli's ex-wife indicated to the Government that Besneli was still residing in Turkey as of late November 2014. (McLaughlin Decl. ¶ 17.)  And, critically, the Government's due diligence firm's research caused the firm to conclude that Besneil "remains involved in the business community in the Istanbul area in Turkey." (McLaughlin Decl. ¶ 19-20.)  Thus, the Court concludes that service by publication in a newspaper widely read by the

business community in the Istanbul area is an appropriate means to notify Besneli.

The Government has not, however, indicated which newspaper it intends to publish notice. Before service by publication, the Government shall provide the Court with the name of the newspaper along with an affidavit or declaration explaining how it is widely read by the business community in the Istanbul area. Upon approval of an acceptable newspaper, the Court will order publication in that newspaper once a week for four consecutive weeks. See Machat, 2009 WL 3029303, at *4; Shehyn, 2008 WL 6150322, at *3.

The Government's motion is therefore granted. The Government is ordered to serve Besneli by email to the email address provided by the Government to the Court. Additionally, the Government shall provide the name of a newspaper and, as discussed above, a declaration or affidavit so that the Court may also order service by publication.

**SO ORDERED.**

Dated:   New York, New York
         August 12, 2015

                                        _____
                                        John F. Keenan
                                        United States District Judge

7